## THE F. J. LUCKENBACH.
### No. 203.

District Court, E. D. Pennsylvania.
Nov. 29, 1929.

Lewis, Adler & Laws, of Philadelphia, Pa., for libelant.

Acker, Manning & Brown, of Philadelphia, Pa., for respondent.

DICKINSON, District Judge.

The delay in disposing of this case has been due to the fact that it was marked awaiting briefs, and it has just been discovered that these briefs have been filed. We are grateful to counsel for having our attention called to the oversight.

The parties to this cause came to an agreement by which the liability of the respondents to damages was admitted, with the right upon the part of the libelant to recover 90 per cent. of the proven damage without the allowance of interest or costs; each party paying its own costs. The question of the sum of the damage was referred to John Hemphill, Esq., as commissioner, to assess the damages. No exceptions have been filed to his report on behalf of the respondents, but the libelant has filed two such exceptions; one to the disallowance of a part of the claim referred to as item No. 5, which was a claim for $14,075.44.

The basis of this claim was that the damaged vessel was in need of repairs, in order to make which it was necessary to discharge a cargo of benzol which the vessel had on board. The libelant is possessed of a plant with storage tank facilities at which it was convenient to store the benzol while the vessel was undergoing repairs. In the view of the libelant, a fair storage charge was a proper element to be considered in the damages to be awarded. The further averment is that the commissioner disallowed this item in toto.

The other exception is to the finding of the commissioner that the commissioner's fees and stenographer's charges incurred because of some additional or supplemental meetings should be paid by the libelant.

In respect to the first exception, it may be premised that damages should be assessed on the basis of compensation, or, as otherwise expressed, that the injured party should be restored in a financial sense to the position in which he would have been had the injury not been suffered.

There is another principle of the law common to the law maritime and common law. This is that the injured party may not exaggerate or inflame his damages, but, on the contrary, must do everything which may be reasonably expected of him to minimize his damages. Damages are assessed broadly and in the aggregate at the sum sufficient to restore to the injured party what he has lost. In reaching this sum of damages there are, of course, elements to be considered, but it is a wrong view to look upon and award damages for these elements as items in the sense of an item in a book account of goods sold and delivered.

The exceptant has, we think, taken this mistaken view of this cause. When a vessel is damaged through a collision or otherwise, either of two courses may be followed. If the damage is so extensive that, as the expression goes, the vessel is not worth repairing, she may be abandoned as a total loss, and the damage is then the fair value of the vessel immediately before the collision in which she was damaged. If, however, she may be repaired and thus restored to the condition in which she was, then the damage becomes the cost of repairs, less, in some instances, the difference between her repair value and her former value. In the instant case, good judgment dictated the repair of the vessel. As she could not be repaired without being first discharged of her cargo, the cost of such discharge became a part of the cost of repair,

and the care of the cargo during repair would likewise be included in the repair expense. In the instant case, however, no such expense, in the literal sense, was incurred, as the libelant itself took care of the cargo during the time the repairs were being made. It could not be urged as a legal obligation of the libelant to assume the duty of caring for the cargo in relief of the respondents. The necessity for this care thus became an element to be considered in estimating the damages upon the principle before stated of reimbursing the libelant for its loss. This, as we read the report of the commissioner, was the view which he took. The libelant, however, treating this element of damage in the light of an item of the claim before indicated, essayed to prove this element of damage upon the basis of a claim for storage and to measure the claim for storage by proof that the owners of cargoes had in other isolated instances willingly paid for storage on the basis of a certain sum per gallon for storage covering the time the cargo was then stored. This evidence was rejected by the commissioner, and we think properly.

All that the commissioner did, as we read his report, was to express his view that, treating the item No. 5 under discussion as an item to be admeasured in money by itself, the libelant had not offered any evidence by which this item could be so admeasured. There is nothing to indicate that the commissioner did not consider this as an element in the admeasurement of damages which he did make and allow it its due influence in the making up of the sum of damage.

This exception is accordingly dismissed.

██ The other exception has a wholly different basis. As part consideration for the stipulation entered into, the respondents agreed that they would be at the cost of commissioner's fees and stenographer's expense. The question of who should pay them in consequence turns upon the stipulation wholly and not upon consideration of who otherwise should pay this part of the cost. The reference to the commissioner was, as we view it, limited and restricted to a finding of the damage suffered by the libelant. The reference did not extend to any control by the commissioner over the question of costs or any part of the inquiry which was covered by the stipulation.

This second exception is accordingly sustained.

A decree in accordance with this opinion may be submitted, and, if agreed to as acceptable in form, may be entered by the clerk, otherwise an appropriate decree will be framed by us; jurisdiction of the cause being retained for this purpose.